**James Otis PURKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 066 CR.**

Court of Appeals of Texas, Beaumont.

April 20, 1983.

Discretionary Review Refused July 20, 1983.

Charles Carver, Provost, Umphrey, McPherson & Swearingen, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This appeal is brought on two (2) grounds of error from an aggravated rape conviction wherein punishment was assessed at ninety-nine (99) years in the Texas Department of Corrections.

The first ground of error raises the issue of whether or not identification of a de-

fendant by name only is sufficient to sustain a conviction. Specifically, appellant is contending that without an in court identification, such as pointing at appellant or describing his attire, the evidence is insufficient to establish that appellant's identity is one and the same as that of the alleged criminal. Appellant also contends that since his legal name is "James Otis Purkey, Jr.," any references in the Statement of Fact to a "Jimmy Purkey" or "Mr. Purkey" could have been references to his father or some other individual by that name.

The record reflects that appellant was introduced to the jury panel when voir dire began as "Mr. James Otis Purkey." From then on witnesses referred to him as "Mr. Purkey" or "Jimmy Purkey" or "Jimmy." Questions were propounded and answered referring to "defendant, Jimmy Purkey" and to "defendant, James Otis Purkey, Jr." Complainant testified that she had known the defendant many years and that he had raped her. The indictment names "James Otis Purkey" as the person charged, and the jury verdict names "James Otis Purkey" as the person found guilty. Appellant was the only person on trial for the alleged offense.

■ We feel that in this context, there could have been no doubt in any of the juror's minds as to whom each of the witnesses was referring to when using one of the stated names. While we feel that it is always a desirable practice to have a witness give an in court identification of the defendant beyond a mere reference to him or her by name, and we encourage prosecutors to do so in order to avoid any possible prejudice to the defendant, the Code of Criminal Procedure does not require this ritual nor do we feel that, under the facts of this case, appellant was prejudiced by the omission of this procedure.

■ *Rohlfing v. State,* 612 S.W.2d 598, 601 (Tex.Cr.App.1981), supplies the test for sufficiency of identification to support a conviction: It is whether or not we can conclude "from a *totality of the circumstances* the jury was adequately apprised that the witnesses were referring to appellant." (Emphasis added.) Appellant at-

tempts to distinguish *Rohlfing v. State,* supra, and *Mersiovsky v. State,* 638 S.W.2d 527 (Tex.App.—Tyler 1982, no writ), from his case by arguing that the holdings in those cases are based on the fact that some in court identification, beyond mere reference to the defendant by name, did occur; we disagree with this analysis and are of the opinion that going beyond referring to the defendants by name was only one factor, not a requisite, under the totality of the circumstances, in upholding the validity of those identifications. Clearly, Justice Teague relied on more than the mere fact that the appellant in *Rohlfing v. State,* supra, had, in fact, been identified in court by a State's witness, although same had not been noted in the record: He mentions that the jury verdict named the defendant as the person they found guilty and that the record shows that appellant was the only defendant on trial in the cause. Similarly, the jury verdict before us names appellant as the person found guilty, and he was the only person being prosecuted for the alleged offense. Applying the *Rohlfing* test to the facts of this case, we do not believe that there was any possible confusion in the identification at bar. We hold, *under the facts of this case,* that the lack of a formal in court identification beyond the mere reference to the defendant by name, did not render the evidence insufficient to establish appellant's identity as the alleged criminal perpetrator. This ground is overruled.

■ The second ground of error presents the question of whether or not the trial court erred in allowing the prosecutor to elicit from a defense witness that said witness had testified for appellant in another unrelated prosecution. Appellant contends that this testimony "was so damaging and prejudicial as to deny him a fair trial.... Appellant's reputation as a peaceful law abiding citizen was not in issue. The Appellant did not testify in his own behalf...." In light of other testimony in the record, we do not believe that the testimony in issue was so inflammatory as to unduly prejudice the jury. The State's inquiry was permissible to demonstrate the

witness's bias toward appellant. *Ward v. State,* 474 S.W.2d 471, 477 (Tex.Cr.App. 1971); *Norton v. State,* 129 Tex.Cr. 503, 88 S.W.2d 1045, 1048 (1935). Wide latitude is given in showing the motive, bias and prejudice of a witness [*Jackson v. State,* 552 S.W.2d 798 (Tex.Cr.App.1976), cert. denied, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978) ], and the trial court has considerable discretion as to how and when bias may be proved and as to what evidence is material for that purpose. *Chvojka v. State,* 582 S.W.2d 828 (Tex.Cr.App.1979). This ground is overruled.

The judgment of the trial court is affirmed.