Padgett v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-088-CR

     DALE MORRIS PADGETT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court At Law
McLennan County, Texas
Trial Court # 942393 CR1
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      A jury found Dale Padgett guilty of misdemeanor driving while intoxicated and the court
assessed punishment of 180 days' confinement in the McLennan County jail, probated for two
years, and a $2,000 fine, of which $1,500 was also probated. Tex. Penal Code Ann. § 49.04
(Vernon 1994). He appealed his conviction to this court. We conclude that Padgett's failure to
appear at a hearing convened by the trial court at our order constitutes abandonment of the appeal
and affirm his conviction on the transcript.
      Padgett filed his notice of appeal on April 26, 1995. Although the transcript was filed on May
15, no statement of facts followed. On October 25, our clerk notified him that the statement of
facts had not been timely filed and that, absent a motion for an extension of time to file the
statement of facts, we would consider the appeal on the transcript alone. Tex. R. App. P. 53(m). 
He was given thirty days to file a brief. After he failed to file a brief, our clerk sent him a letter,
dated November 29, requesting that a brief be filed within ten days. Id. 74(l)(2). No brief was
filed. Because no brief was filed, we abated this cause and instructed the trial court to conduct
a hearing to determine why a statement of facts has not been filed and whether Padgett desired to
proceed with the appeal. Id. 53(m), 74(l)(2), 83. The court set the hearing and attempted to
notify Padgett. However, Padgett failed to appear at the hearing. After the hearing, we again
ordered Padgett to file a brief, but we have received no response from him.
      Padgett has failed to respond to our notices indicating that the appeal would be submitted on
the transcript and twice requesting that he file his brief. He has failed to appear at a hearing called
by the trial court on our order. He has failed to respond to our order following that hearing
requiring him to file a brief. Therefore, we conclude that he has abandoned his appeal. Meza v.
State, 742 S.W.2d 708, 708 (Tex. App.—Corpus Christi 1987, no pet.).
      As in Meza, we have examined the transcript for fundamental error which should be reviewed
in the interest of justice. Id.; see also Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App.
1994). Finding none, we affirm the judgment. 
                                                                                 PER CURIAM
 

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 26, 1996
Do not publish



An appellant challenging factual sufficiency should request reversal and
remand. See Clewis, 922 S.W.2d at 133-34; Gowans v. State, 995 S.W.2d 787, 790 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). If both challenges are made, the appellant should
request reversal and rendition or in the alternative reversal and remand. See Clewis, 922 S.W.2d
at 133-34; Regan v. State, 7 S.W.3d 813, 819 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d)
(appellate court may proceed to review factual sufficiency after it determines the evidence is
legally sufficient). Here, Moore requested reversal and remand in his prayer for relief. 
Accordingly, we construe his complaint as a factual sufficiency point.
      In reviewing a challenge to the factual sufficiency of the evidence, we “begin[ ] with the
assumption that the evidence is legally sufficient.” Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). We must view all the evidence without the prism of the “in the light most
favorable to the prosecution” construct. Clewis, 922 S.W.2d at 129. We ask “whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex.
Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
ANALYSIS
      Moore claims that the State failed to prove that he was the party who drove and operated a
motor vehicle because the testifying officer did not identify anyone in court as the person who
committed the offense. We disagree.
      The State is required to prove that Moore is the person who committed the offense. Wilson
v. State, 9 S.W.3d 852, 855 (Tex. App.—Austin 2000, no pet.) (citing Johnson v. State, 673
S.W.2d 190, 196 (Tex. Crim. App. 1984)). No formalized procedure is required for the State to
prove the identity of the accused.


 See id. We review the totality of the circumstances to
determine whether a fact finder could conclude that the witnesses were referring to Moore. 
Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. [Panel Op.] 1981); Purkey v. State, 656
S.W.2d 519, 520 (Tex. App.—Beaumont 1983, pet. ref’d).
      Throughout Trooper Bryant’s testimony, he referred to the person he had arrested for DWI
as “the defendant.” See Janak v. State, 826 S.W.2d 803, 804 (Texarkana 1992, no pet.); Purkey,
656 S.W.2d at 520. In addition, the State played for the court the roadside videotape which
Bryant recorded with his in-car camera depicting the traffic stop and Moore’s performance on field
sobriety tests. See Hime v. State, 998 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1999,
pet. ref’d). The trial court, as fact finder, could compare Moore’s in-court appearance with that
depicted on the video. Cf. Gill v. State, 57 S.W.3d 540, 546 (Tex. App.—Waco 2001, no pet.)
(State can prove that defendant is person named in penitentiary packet by photographs contained
in packet).
      The record contains no evidence to suggest that anyone other than Moore committed the
offense. Accordingly, we cannot say “the proof of [his identity] is so obviously weak as to
undermine confidence in the jury’s determination.” Johnson, 23 S.W.3d at 11.
      We overrule Moore’s sole point and affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 18, 2003
Do not publish
[CR25]