COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-375-CV
 
IN THE MATTER OF A.L.S., II
------------
FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
A.L.S., II appeals the trial court's judgment adjudicating him delinquent and
sentencing him to indeterminate commitment to the Texas Youth Commission and
$2000 in restitution. In two points, appellant complains that the evidence is
both legally and factually insufficient to link him to the offense either as a
primary actor or under the law of parties.
When juvenile appellants complain that the evidence is legally or factually
insufficient to support the adjudication of delinquency, the court applies the
criminal standards of review. In re C.J.H., 79 S.W.3d 698, 702 (Tex.
App.--Fort Worth 2002, no pet.). In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997). This standard gives full play to the responsibility of the
trier of fact to resolve conflicts in the testimony, to weigh the evidence, and
to draw reasonable inferences from basic facts to ultimate facts. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
In reviewing the factual sufficiency of the evidence to support a conviction,
we are to view all the evidence in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient
if it is so weak as to be clearly wrong and manifestly unjust or the adverse
finding is against the great weight and preponderance of the available evidence.
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a
neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the verdict, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Id. In performing this
review, we are to give due deference to the fact finder's determinations. Id.
at 8-9;Clewis, 922 S.W.2d at 136. Consequently, we may find the
evidence factually insufficient only where necessary to prevent manifest
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).
Although an objection is not necessary to preserve insufficiency claims, the
lack of an objection to an in-court identification that does not specifically
reflect that appellant was identified is relevant in determining whether the
witness identified the appellant. Miller v. State, 667 S.W.2d 773,
775-76 (Tex. Crim. App. 1984). The test for determining the sufficiency of
in-court identification is whether a reviewing court can conclude from a
totality of the circumstances that the fact finder was adequately apprised that
the witness was referring to appellant. Rohlfing v. State, 612 S.W.2d
598, 601 (Tex. Crim. App. [Panel Op.] 1981). In Rohlfing, the court
found that the witnesses' identification of appellant as "the man in court
wearing an orange shirt and a light beige/tan leisure suit" was sufficient
in spite of the prosecutor's failure to request that the record be made to
reflect that the person referred to was appellant. Id.; see also
Hime v. State, 998 S.W.2d 893, 896 (Tex. App.--Houston [14th
Dist.] 1999, pet. ref'd). Further, the mere reference to appellant by name does
not render the evidence insufficient to establish identity. Purkey v. State,
656 S.W.2d 519, 520 (Tex. App.--Beaumont 1983, pet. ref'd).
The State in this case alleged that appellant engaged in delinquent conduct
by intentionally or knowingly, without the effective consent of the owner,
entering a building not then open to the public, and attempting to commit or
committing theft. An eyewitness testified that, while the school was closed for
summer vacation, "A" and two other boys entered Versie L. Williams
Elementary School and stole a number of Playstations. They placed the
Playstations in the back of a car parked at a residence near the school and then
returned to the school a second time. When asked if he saw anyone in the
courtroom that was among the group of boys that came to the school the second
time, the witness stated "[h]e has the baby blue sweater." The
prosecutor also asked him to point to that person; however, because the
proceedings were reported by audiotape recording, it is not clear whether or not
the witness pointed to appellant.
The only evidence suggesting that "A" and the boy in the baby blue
sweater were two different individuals is the prosecutor's question concerning
the witness's certainty that the person in the baby blue sweater was with
"the other three" boys when they returned. The witness had already
testified that, upon their return, the three boys had "a few more
people" with them. When asked whether the boy in the baby blue sweater went
inside the building, he merely replied "[n]ot the second time." He
also testified that this boy did not enter the building later that day, but that
he did participate in removing the boxes from the premises. Based on this
testimony, the trial judge could have concluded that "A" and the boy
in the baby blue sweater were the same person. Therefore, we hold that the
evidence is legally and factually sufficient to identify appellant as the
perpetrator of the offense.
Accordingly, we overrule appellant's points and affirm the trial court's
judgment.

JOHN CAYCE
CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.3(a)

[Delivered December 19, 2002]

1. See Tex. R. App. P. 47.1.