In re A.L.S.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-375-CV

IN THE MATTER OF A.L.S., II

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A.L.S., II appeals the trial court’s judgment adjudicating him delinquent and sentencing him to indeterminate commitment to the Texas Youth Commission and $2000 in restitution.  In two points, appellant complains that the evidence is both legally and factually insufficient to link him to the offense either as a primary actor or under the law of parties.  

When juvenile appellants complain that the evidence is legally or factually insufficient to support the adjudication of delinquency, the court applies the criminal standards of review.  
In re C.J.H.
, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State
, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id
.  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id
. at 8-9; 
Clewis
, 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Although an objection is not necessary to preserve insufficiency claims, the lack of an objection to an in-court identification that does not specifically reflect that appellant was identified is relevant in determining whether the witness identified the appellant.  
Miller v. State
, 667 S.W.2d 773, 775-76 (Tex. Crim. App. 1984).  
The test for determining the sufficiency of in-court identification is whether a reviewing court can conclude from a totality of the circumstances that the fact finder was adequately apprised that the witness was referring to appellant.  
Rohlfing v. State
, 612 S.W.2d 598, 601 (Tex. Crim. App. [Panel Op.] 1981).  In 
Rohlfing
, the court found that the witnesses’ identification of appellant as “the man in court wearing an orange shirt and a light beige/tan leisure suit” was sufficient in spite of the prosecutor’s failure to request that the record be made to reflect that the person referred to was appellant.  
Id
.; 
see also Hime v. State
, 998 S.W.2d 893, 896 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d).  Further, the mere reference to appellant by name does not render the evidence insufficient to establish identity.  
Purkey v. State
, 656 S.W.2d 519, 520 (Tex. App.—Beaumont 1983, pet. ref’d).  

The State in this case alleged that appellant engaged in delinquent conduct by intentionally or knowingly, without the effective consent of the owner, entering a building not then open to the public, and attempting to commit or committing theft.  An eyewitness testified that, while the school was closed for summer vacation, “A” and two other boys entered Versie L. Williams Elementary School and stole a number of Playstations.  They placed the Playstations in the back of a car parked at a residence near the school and then returned to the school a second time.  When asked if he saw anyone in the courtroom that was among the group of boys that came to the school the second time, the witness stated “[h]e has the baby blue sweater.”  The prosecutor also asked him to point to that person; however, because the proceedings were reported by audiotape recording, it is not clear whether or not the witness pointed to appellant. 

The only evidence suggesting that “A” and the boy in the baby blue sweater were two different individuals is the prosecutor’s question concerning the witness’s certainty that the person in the baby blue sweater was with “the other three” boys when they returned.  The witness had already testified that, upon their return, the three boys had “a few more people” with them.  When asked whether the boy in the baby blue sweater went inside the building, he merely replied “[n]ot the second time.”  He also testified that this boy did not enter the building later that day, but that he did participate in removing the boxes from the premises.  Based on this testimony, the trial judge could have concluded that “A” and the boy in the baby blue sweater were the same person.  
Therefore, we hold that the evidence is legally and factually sufficient to identify appellant as the perpetrator of the offense. 

Accordingly, we overrule appellant’s points and affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.3(a)

[Delivered December 19, 2002]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.1.