COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-438-CR
 
TANYA ELIZABETH
SMALLWOOD       
       
       
       
       
       
 APPELLANT
V.
THE STATE OF TEXAS    
                                                           
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 2
OF TARRANT COUNTY
------------
OPINION
------------
Tanya Elizabeth Smallwood appeals from her
conviction for harassment. In four points, she contends that the evidence is
legally and factually insufficient to support her conviction and that the trial
court abused its discretion when it imposed the conditions of her probation. We
will affirm.
Appellant and Jon Grant divorced in July
of 1998. In August of 1998, Jon married his current wife, Barbara. Throughout
their marriage, Barbara Grant has experienced problems with appellant. Barbara
testified that when appellant would call their residence, appellant was rude,
inconsiderate, and often used foul language. Because of this, the Grants
installed a second telephone line in their home. This line allowed appellant to
telephone the children without speaking to Barbara. Although the Grants asked
appellant to use this line whenever she phoned the children, appellant refused
to do so. Instead, she persisted in calling their main number.
On June 15, 2000, the children were at
their father's house for summer visitation. While the Grants and the children
were in the back yard, they heard a commotion in front of the house. When they
looked out, they saw appellant at the front door kicking and banging on the
door. Appellant then proceeded to get into her car and honk the horn. The Grants
phoned the police. When the officer arrived, they asked him to issue appellant a
trespass warning. After receiving the warning, appellant left the residence.
The next morning, appellant called the
Grants' main telephone number at 7:28 a.m. The Grants were asleep at the time of
the call. Barbara answered the phone, told appellant not to call their main
number, and hung up the phone. Appellant called back two more times that morning
within a two-minute interval. Later that evening, appellant called the main line
four more times ranting and using foul language. Barbara stated that she
considered the calls to be harassing.
In her first two points, appellant
contends that the evidence is legally and factually insufficient to show that
she intended to harass or annoy the victim. In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443
U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we
may not sit as a thirteenth juror, re-evaluating the weight and credibility of
the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000).
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129, 134 (Tex.
Crim. App. 1996). Evidence is factually insufficient if it is so weak as to be
clearly wrong and manifestly unjust or the adverse finding is against the great
weight and preponderance of the available evidence. Johnson, 23 S.W.3d
at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due deference to
the fact finder's determinations. Id. at 8-9; Clewis, 922
S.W.2d at 136. We may not substitute our judgment for that of the fact finder's.
Johnson, 23 S.W.3d at 12. Consequently, we may find the evidence
factually insufficient only where necessary to prevent manifest injustice. Johnson,
23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).
To make a determination of factual
insufficiency, a complete and detailed examination of all the relevant evidence
is required. Johnson, 23 S.W.3d at 12. A proper factual sufficiency
review must include a discussion of the most important and relevant evidence
that supports the appellant's complaint on appeal. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
To support a conviction for telephone
harassment under section 42.07 of the penal code, the State must prove beyond a
reasonable doubt that appellant had the intent to harass, annoy, alarm, abuse,
torment, or embarrass the complainant when she caused the complainant's
telephone to ring repeatedly. Tex. Penal Code Ann. § 42.07(a)(4) (Vernon 2003).
The act of making repeated telephone calls is not, by its nature, criminal, nor
is it a criminal act merely because of the circumstances during which it is
conducted. A defendant is criminally responsible for the crime of telephone
harassment only when she intended or consciously desired the result of harassing
or annoying her victim. Blount v. State, 961 S.W.2d 282, 284 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). Direct evidence of this
intent is not required; a jury may infer intent from any facts which tend to
prove its existence, including the acts, words, and conduct of the accused, and
the method of committing the crime. Id.; see Hart v. State, 89
S.W.3d 61, 64 (Tex. Crim. App. 2002); Manrique v. State, 994 S.W.2d
640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring).
Upon reviewing the record in this case, we
hold that the evidence is legally and factually sufficient to show that
appellant intended to harass or annoy Barbara by making repeated telephone calls
to her main line. The evidence shows that appellant placed at least seven phone
calls to Barbara on June 16. Although Barbara told appellant to call on the
children's line, appellant continued to call the main number. During the phone
calls, appellant was ranting and using foul language. Barbara testified that the
phone calls were harassing.
Appellant concedes that she made repeated
calls to Barbara's main line, but contends that she only did so because the
Grants would not allow her to speak to her children. However, we find no
evidence in the record to support this contention. Appellant knew that the
Grants had installed a second phone line so that she could communicate with the
children directly. Appellant's telephone records show that she placed only two
calls to the children's line on the date of the offense, and there is nothing in
the record indicating that the children's line was busy or unavailable at the
time appellant made any of the calls that are the basis of the offense.
Appellant also argues that the evidence is
insufficient because Barbara's testimony contains internal inconsistencies and
is inconsistent with Jon's testimony. Specifically, appellant contends that
Barbara and Jon's testimony that Barbara told appellant to call on the
children's line conflicts with Barbara's testimony that she merely hung up on
appellant. These two statements, however, are not necessarily mutually
exclusive. A rational juror could have interpreted Barbara's testimony to mean
that she hung up on appellant after telling her to call the children's line.
Using this interpretation, Barbara's testimony was not inconsistent.
Accordingly, we overrule appellant's first and second points.
In her third point, appellant contends
that the evidence is legally insufficient to prove her identity. When a
defendant contests the identity element of the offense, we are mindful that
identity may be proven by direct evidence, circumstantial evidence, or even
inferences. Roberson v. State, 16 S.W.3d 156, 167 (Tex. App.--Austin
2000, pet. ref'd). Although a direct in-court identification is the preferred
procedure, where the circumstances do not indicate the likelihood of confusion,
that type of identification is not required. Hime v. State, 998 S.W.2d
893, 896 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). If there
is no in-court identification of the perpetrator's identity elicited from trial
witnesses, no formalized procedure is required for the State to prove the
identity of the accused. Clark v. State, 47 S.W.3d 211, 214 (Tex.
App.--Beaumont 2001, no pet.). The sufficiency of the evidence is then
determined from the cumulative effect of all the evidence; each fact in
isolation need not establish the guilt of the accused. See Alexander v.
State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).
Although there was no in-court
identification of appellant as the person who repeatedly called Barbara and no
testimony specifically identifying appellant as the same Tanya Smallwood whose
telephone records were introduced into evidence, Barbara referred to appellant
by name throughout her testimony. Jon and Barbara also referred to appellant as
the "defendant." There was no other "defendant" on trial,
and nothing in the record suggests that anyone was confused about the identity
of the person referred to by the witnesses. See Hime, 998 S.W.2d at 896
(holding that in-court identification is not required when circumstances do not
indicate likelihood of confusion); see also Purkey v. State, 656 S.W.2d
519, 520 (Tex. App.--Beaumont 1983, pet. ref'd) (holding that identification of
a defendant by name only is sufficient to establish appellant's identity).
Further, the telephone records of Tanya
Smallwood setting forth the date and time of the calls to the Grants' main
telephone number were introduced by both the State and the defense. During
defense counsel's cross-examination of Jon, counsel handed him appellant's
telephone records and said, "[T]his is her billing thing -- can you tell me
how many times she would have called your number on that date[?]" Based on
this exchange, we conclude that the telephone records were sufficiently
identified as being those of appellant. Therefore, we hold that the evidence is
legally sufficient to identify appellant as the perpetrator of the offense.
Appellant's third point is overruled.
In her fourth point, appellant complains
that the trial court abused its discretion by ordering her not to call the
Grants' main telephone line unless there is an emergency as a term of her
community supervision. She contends that the trial court's order is in direct
conflict with the divorce decree, which allows "[t]he conservator not in
possession of the children" to be allowed reasonable telephone access to
the children. Appellant claims that the judge presiding over the divorce case is
the only judge with the authority to limit her ability to contact the children.
A trial court has broad discretion in
imposing conditions of community supervision. Tex. Code Crim. Proc. Ann. art.
42.12, § 11(a) (Vernon Supp. 2003). The conditions, however, must be reasonable
and must be designed to "protect or restore the community, protect or
restore the victim, or punish, rehabilitate, or reform the defendant." Id.;
Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1088 (2000). A specific condition of probation will be
found to be invalid only when it embraces all of the following characteristics:
(1) it has no relationship to the crime, (2) it relates to conduct that is not
in itself criminal, and (3) it forbids or requires conduct that is not
reasonably related to future criminality of the defendant or does not serve the
statutory ends of probation. Richardson v. State, 957 S.W.2d 854, 858
(Tex. App.--Tyler 1997, pet. ref'd); Lacy v. State, 875 S.W.2d 3, 5
(Tex. App.--Tyler 1994, pet. ref'd).
Here, it is clear that the trial court did
not abuse its discretion by simply ordering appellant not to call the Grants'
main telephone line. Restricting appellant's phone calls to the children's line
and the Grants' cellular phone has a reasonable relationship to the crime and to
appellant's future criminality. Moreover, the trial court's order does not, as
appellant contends, conflict with the divorce decree by interfering with her
access to her children. Under the order, appellant is still permitted to call
her children on their line and on the Grants' cellular phone. Accordingly, we
overrule appellant's fourth point.
Having overruled each of appellant's
points, we affirm the trial court's judgment.
 
   
                                                                   
JOHN CAYCE
   
                                                                   
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 21, 2003