NO. 07-03-0342-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 6, 2005


______________________________



JOSEPH EMILIO SAUCEDA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 03-05-03403-CR; HON. FRED EDWARDS, PRESIDING



_______________________________



Memorandum Opinion


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ. 

 After being found guilty via a non-jury trial and sentenced by the court, Joseph Emilio
Sauceda (appellant) appealed his conviction for arson. Through four issues, he contends
that 1) the evidence of his identity as the accused is legally and factually insufficient, 2) the
evidence that he personally set fire to the vehicle is legally insufficient, and 3) the trial
court's incorrect admonishment as to the range of punishment caused his plea of true to
the enhancement paragraph of the indictment to be obtained in violation of the due process
clause of the Fifth Amendment. We affirm the judgment of the trial court.

Background


 On October 18, 2000, Eddie Perez had reported to the Houston Police Department
that a black, four-door Chevy Impala SS had been stolen from the driveway of his home. 
In late October 2000, appellant brought such a vehicle to his home. So too did he remove
parts from the car to sell them. Eventually, appellant had someone come to the house at
night with a tow truck to pick up the Impala. Appellant left the house contemporaneously
with the vehicle. About 20 minutes later, he returned nervous, anxious, upset and irate. 
He also wanted his girlfriend, Shyllo Admire, to help him move the car parts he had
previously taken from the vehicle to a place underneath the house. Shortly thereafter,
Shyllo heard sirens. 

 A burning Impala was found by the road with the motor, transmission, steering
wheel, seats, and rear axle missing. The location was about a block from appellant's
residence. The vehicle identification number matched that of the vehicle reported stolen
by Eddie Perez. 

Issues 1 and 2 - Identification


 In his first two issues, appellant complains that the evidence identifying him as the
accused is legally and factually insufficient to support his conviction. We overrule the
issues.

 The standards by which we review the legal and factual sufficiency of the evidence
are well established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani
v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex.
Crim. App. 2000) for an explanation of them. 

 The gist of appellant's argument is that no witness at trial ever expressly identified
him, in-court, as the person accused in the indictment. The lack of a formal in-court
identification does not necessarily render evidence insufficient to establish the defendant's
identity as the perpetrator. See Purkey v. State, 656 S.W.2d 519, 520 (Tex.
App.-Beaumont 1983, pet. ref'd). Identity may be established by both circumstantial
evidence as well as reasonable inferences therefrom. Roberson v. State, 16 S.W.3d 156,
157 (Tex. App.-Austin 2000, pet. ref'd). 

 In this bench trial, the factfinder was the trial court. Furthermore, at the
commencement of the proceeding, the trial court asked appellant if he was Joseph Emilio
Sauceda, i.e. the person named in the indictment. Appellant replied that he was. 
Additionally, Mitchell Pratorius, the stepfather of Shyllo Admire, was asked during trial if he
knew "the defendant in this case, Joseph Sauceda" to which he responded "yes" and
further stated that Shyllo and appellant had lived together. Sheila Pratorius, Shyllo's
mother, testified that her daughter had been in a relationship with "the defendant, Joseph
Sauceda" since she was 13 years old. And, when asked if she previously had a
relationship with "the defendant in this case, Joseph Sauceda," Shyllo herself stated she
had for about eight years. 

 Next, appellant made no objection to the identification procedure utilized at trial and
does not claim on appeal that someone other than he was identified as the accused. See
Rohfling v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) (stating that it was
incumbent upon the appellant to object to the identification procedure or present a bill of
exceptions illustrating why the procedure would cause confusion viz the matter of identity
to preserve the issue for review). Under these circumstances and based on the logical
inferences to be drawn from the record at trial, the trial court was adequately apprised that
the witnesses were referring to appellant. See id. (rejecting the contention that the
absence of an in-court identification rendered the evidence of identity defective since the
circumstances were sufficient to apprise the factfinder that the witnesses were actually
referring to appellant). Consequently, we hold the evidence of appellant's identity as the
accused to be both legally and factually sufficient. 

Issue 3 - Person Who Started the Fire


 In his third issue, appellant challenges the legal sufficiency of the evidence to show
that he started the fire. We overrule the issue.

 In response to the allegation that there was no evidence identifying him as the
person who set the vehicle aflame, we note the testimony of Mitchell Pratorius. When
asked if appellant explained "anymore detail when he said that he torched it, what he meant
by that," the witness said: ". . . [n]o . . . that's all that was said was that he torched it." 
(Emphasis added). Appellant's purported statement that "he" torched the car is some
evidence upon which a rational factfinder could conclude beyond reasonable doubt that
appellant personally set fire to the car. And, this conclusion is only buttressed by the
evidence that 1) appellant left the house at the time the car was towed, 2) he came back
about 20 minutes later, 3) he seemed nervous, anxious, upset and irate, 4) he made Shyllo
help him hide some of the car parts, 5) Shyllo heard sirens shortly thereafter, and 6) the car
was found burning about a block from appellant's house.


Issue 4 - Admonishment


 In his final issue, appellant argues that he was incorrectly admonished as to the
range of punishment. This purportedly resulted in his plea of true to the enhancement
paragraph in the indictment constituting a violation of the due process clause. We overrule
the issue.

 Assuming arguendo that appellant was misled when he admitted the enhancement
allegation to be true, the State nonetheless proved (via live testimony, pen pack
authentication, and fingerprint analysis) that appellant previously had been convicted of the
crime encompassed in the enhancement paragraph. Consequently, we hold, beyond
reasonable doubt, that the purported mistake did not contribute to the conviction or
punishment assessed. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Per Curiam 

Do not publish.