NO. 07-03-0342-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2005
_____

JOSEPH EMILIO SAUCEDA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 03-05-03403-CR; HON. FRED EDWARDS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

After being found guilty via a non-jury trial and sentenced by the court, Joseph Emilio Sauceda (appellant) appealed his conviction for arson. Through four issues, he contends that 1) the evidence of his identity as the accused is legally and factually insufficient, 2) the evidence that he personally set fire to the vehicle is legally insufficient, and 3) the trial court's incorrect admonishment as to the range of punishment caused his plea of true to

the enhancement paragraph of the indictment to be obtained in violation of the due process clause of the Fifth Amendment. We affirm the judgment of the trial court.

## Background

On October 18, 2000, Eddie Perez had reported to the Houston Police Department that a black, four-door Chevy Impala SS had been stolen from the driveway of his home. In late October 2000, appellant brought such a vehicle to his home. So too did he remove parts from the car to sell them. Eventually, appellant had someone come to the house at night with a tow truck to pick up the Impala. Appellant left the house contemporaneously with the vehicle. About 20 minutes later, he returned nervous, anxious, upset and irate. He also wanted his girlfriend, Shyllo Admire, to help him move the car parts he had previously taken from the vehicle to a place underneath the house. Shortly thereafter, Shyllo heard sirens.

A burning Impala was found by the road with the motor, transmission, steering wheel, seats, and rear axle missing. The location was about a block from appellant's residence. The vehicle identification number matched that of the vehicle reported stolen by Eddie Perez.

## Issues 1 and 2 - Identification

In his first two issues, appellant complains that the evidence identifying him as the accused is legally and factually insufficient to support his conviction. We overrule the issues.

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani*

*v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

The gist of appellant's argument is that no witness at trial ever expressly identified him, in-court, as the person accused in the indictment. The lack of a formal in-court identification does not necessarily render evidence insufficient to establish the defendant's identity as the perpetrator. *See Purkey v. State,* 656 S.W.2d 519, 520 (Tex. App.–Beaumont 1983, pet. ref'd). Identity may be established by both circumstantial evidence as well as reasonable inferences therefrom. *Roberson v. State,* 16 S.W.3d 156, 157 (Tex. App.–Austin 2000, pet. ref'd).

In this bench trial, the factfinder was the trial court. Furthermore, at the commencement of the proceeding, the trial court asked appellant if he was Joseph Emilio Sauceda, *i.e.* the person named in the indictment. Appellant replied that he was. Additionally, Mitchell Pratorius, the stepfather of Shyllo Admire, was asked during trial if he knew "the defendant in this case, Joseph Sauceda" to which he responded "yes" and further stated that Shyllo and appellant had lived together. Sheila Pratorius, Shyllo's mother, testified that her daughter had been in a relationship with "the defendant, Joseph Sauceda" since she was 13 years old. And, when asked if she previously had a relationship with "the defendant in this case, Joseph Sauceda," Shyllo herself stated she had for about eight years.

Next, appellant made no objection to the identification procedure utilized at trial and does not claim on appeal that someone other than he was identified as the accused. *See Rohfling v. State,* 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) (stating that it was incumbent upon the appellant to object to the identification procedure or present a bill of

3

exceptions illustrating why the procedure would cause confusion *viz* the matter of identity to preserve the issue for review). Under these circumstances and based on the logical inferences to be drawn from the record at trial, the trial court was adequately apprised that the witnesses were referring to appellant. *See id.* (rejecting the contention that the absence of an in-court identification rendered the evidence of identity defective since the circumstances were sufficient to apprise the factfinder that the witnesses were actually referring to appellant). Consequently, we hold the evidence of appellant's identity as the accused to be both legally and factually sufficient.

### *Issue 3 - Person Who Started the Fire*

In his third issue, appellant challenges the legal sufficiency of the evidence to show that he started the fire. We overrule the issue.

In response to the allegation that there was no evidence identifying him as the person who set the vehicle aflame, we note the testimony of Mitchell Pratorius. When asked if appellant explained "anymore detail when he said that he torched it, what he meant by that," the witness said: ". . . [n]o . . . that's all that was said was that *he torched it.*" (Emphasis added). Appellant's purported statement that "he" torched the car is some evidence upon which a rational factfinder could conclude beyond reasonable doubt that appellant personally set fire to the car. And, this conclusion is only buttressed by the evidence that 1) appellant left the house at the time the car was towed, 2) he came back about 20 minutes later, 3) he seemed nervous, anxious, upset and irate, 4) he made Shyllo help him hide some of the car parts, 5) Shyllo heard sirens shortly thereafter, and 6) the car was found burning about a block from appellant's house.

4

### *Issue 4 - Admonishment*

In his final issue, appellant argues that he was incorrectly admonished as to the range of punishment. This purportedly resulted in his plea of true to the enhancement paragraph in the indictment constituting a violation of the due process clause. We overrule the issue.

Assuming *arguendo* that appellant was misled when he admitted the enhancement allegation to be true, the State nonetheless proved (via live testimony, pen pack authentication, and fingerprint analysis) that appellant previously had been convicted of the crime encompassed in the enhancement paragraph. Consequently, we hold, beyond reasonable doubt, that the purported mistake did not contribute to the conviction or punishment assessed.

Having overruled each issue, we affirm the judgment of the trial court.

Per Curiam

Do not publish.

5