

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-17-00313-CR

_____

JAMES RICHARD OCANAS, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 72,105-E; Honorable Abe Lopez, Presiding by Assignment

September 6, 2018

MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Appellant, James Richard Ocanas, was convicted by a jury of the offense of possession of a controlled substance, namely, methamphetamine, in an amount of one

gram or more but less than four grams,[1] enhanced by two prior felony convictions,[2] and was sentenced to a period of incarceration for thirty years. By three issues he contends (1) the evidence was insufficient to support his conviction, (2) the State failed to prove that he was the same person convicted in either of the two enhancement counts, and (3) the enhancement allegation alleging a conviction in Randall County was not supported by the evidence. We affirm.

BACKGROUND

Appellant was arrested for the offense of possession of a controlled substance (methamphetamine, one to four grams) on May 6, 2016. His indictment alleged a single felony conviction as an enhancement—Conspiracy to Commit Murder, Cause Number 32,896-A, 47th District Court, *Potter* County, Texas, August 6, 1993. The State later filed a *Notice of State's Intent to Use Prior Conviction for Enhancement of Punishment* alleging two felony convictions: (1) Conspiracy to Commit Murder, Cause Number 32,896-A, 47th District Court, *Randall* County, Texas, August 6, 1993; and (2) Possession of a Controlled Substance, Cause Number 16,005-C, 251st District Court, Randall County, Texas, June 20, 2005.

On July 24, 2017, Appellant's case was called for trial before the Honorable Abe Lopez, presiding by assignment. Prior to beginning voir dire, Judge Lopez introduced the parties to the venire panel, specifically identifying Appellant. Upon completion of voir dire,

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

[2] As enhanced the offense was punishable by confinement for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017)

the petit jury was duly sworn and Appellant entered a plea of "not guilty" to the indictment. The proceedings were recessed for the day.

The next morning, trial reconvened for the purpose of beginning presentation of testimony. Appellant, however, failed to appear. After some delay, Judge Lopez announced the trial would proceed and that Appellant would be tried "*in abstentia.*" During trial, Amarillo Police Officer Kavoza Robinson testified he stopped Appellant for an equipment violation on his vehicle. During that stop, Appellant verbally provided his name, date of birth, and social security number. An in-car video of the encounter was admitted providing visual and audio images of Appellant. Also admitted was a photo of Appellant sitting in the back seat of a patrol car taken by Officer Robinson on the night of the arrest. Testimony from a forensic scientist with the Texas Department of Public Safety established that material found in Appellant's possession was 1.30 grams of a substance that contained methamphetamine. At the conclusion of testimony, the jury was duly charged and subsequently returned a verdict of guilty.

The court proceeded to the punishment phase of trial. As the prosecutor began to read the enhancement allegations, the court called counsel to the bench to discuss a discrepancy between the indictment and the notice of enhancement allegations concerning the correct county of conviction in Cause Number 32,896-A. The indictment alleged Potter County, while the notice alleged Randall County (ultimately, evidence would establish that the correct county was Potter County). A confusing discussion followed a bench conference, ending with the prosecutor stating: "We'll make a trial correction to that Notice, Your Honor. In the August 6th, 1993, Cause Number 32,896-A, the 47th District, that should be Randall County, Your Honor, for the conspiracy to commit

3

murder, instead of Potter County." Judge Lopez then responded, "I've made the correction in the indictment . . . ." The record, however, reflects that no interlineation or change was ever made to the indictment or the notice.

Defense counsel entered a plea of "not true" on behalf of Appellant. Evidence was presented, including two exhibits containing certified copies of multiple prior convictions. When the *Court's Charge on Punishment* was presented to the jury, the jury was asked to determine, beyond a reasonable doubt, whether Appellant had previously been convicted of "Conspiracy to Commit Murder in cause number 32,896-A of the 47th District Court of Potter County, Texas on the 6th day of August, 1993." Finding both enhancement allegations to be true, the jury assessed Appellant's sentence at thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State,* 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

4

As to guilt or innocence, the jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and as a reviewing court we must defer to those determinations and not usurp its role by substituting our judgment for that of the jury. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)).

ANALYSIS

By his first issue, Appellant contends the evidence is insufficient to support his conviction because there is no evidence identifying him as the person who committed the offense. Appellant contends his conviction should be reversed and an acquittal ordered because no one testified that he was the same person stopped by Officer Robinson on the night of May 6, 2016. Because Appellant does not contest any other elements of the offense, the only issue we must determine is whether a rational jury could have found, beyond a reasonable doubt, that Appellant was the defendant named in the indictment and that he was the person who committed the offense alleged.

5

The absence of a formal, in-court identification of the accused does not render the evidence insufficient to establish identity as a matter of law. *See Adams v. State*, 418 S.W.3d 803, 810 (Tex. App.—Texarkana 2013, pet. ref'd) (defendant absented from courtroom, by order of the court, during presentation of testimony due to his disruptive conduct). Identity may be established by either direct or circumstantial evidence and the reasonable inferences that may be drawn therefrom. *Id.*

While pretrial introductions and voir dire examinations are not evidence, the jury is not required to leave its common sense at the courthouse door when it reports for jury duty. Statements made during voir dire have been considered in analyzing the sufficiency of identifying evidence. *See Purkey v. State*, 656 S.W.2d 519, 520 (Tex. App.—Beaumont 1983, pet. ref'd). In *Purkey*, the Beaumont Court found that in the context of the trial as a whole, including consideration of voir dire, there could be no doubt but that in the minds of the jurors the witnesses were referring to the defendant in their testimonies, even though there was no in-court identification of the defendant as the perpetrator of the offense.

Here, Appellant was introduced to the jury panel by the trial judge and he entered his plea of "not guilty" before the petit jury. During this time, the jurors were able to observe him. At trial, they were presented with a video depiction of the defendant's encounter with Officer Robinson and a photograph of him sitting in the back seat of the patrol car. They also heard testimony about the defendant's self-identification by name, date of birth, and social security number. Deferring to the jurors' roles as the exclusive fact finders, we cannot say the record contains no evidence of identity, merely a modicum of evidence of that element, or that it conclusively establishes a reasonable doubt.

6

Therefore, based on this record, we find a rational trier of fact could have found Appellant to be the defendant named in the indictment and that he was the person who committed the offense alleged. Issue one is overruled.

Similar to his first issue, in his second issue Appellant contends the State failed to prove that he was the same person convicted in either of the two enhancement counts which the jury found to be true. Appellant's argument is simple—because the State offered no fingerprint identification of the defendant, it had no fingerprints to compare to pen packets offered into evidence. Appellant basically contends there is no evidence to prove that he was the same person whose judgments of conviction were admitted into evidence.

Contrary to the position being taken by Appellant, for purposes of an enhancement allegation, the State is not required to prove *through the use of fingerprints* that the person named in a judgment of conviction is the same person as the person on trial. While that may be a convenient and common way of establishing that fact, by no means is it the only way of doing it. For purposes of an enhancement, the State is required to prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant on trial is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no "best evidence" rule in Texas that requires that a prior conviction be proven by any particular document or species of evidence. *Id.*

Here, each pen packet introduced contained a copy of the judgment of conviction, photos of the defendant, and an identification card stating the defendant's name, date of birth, and social security number. Based on the evidence presented at trial, a rational

7

trier of fact could have found Appellant to be the same person convicted in both of the enhancement counts which the jury found to be true. Issue two is overruled.

By his third issue, Appellant contends the enhancement allegation alleging Appellant was convicted in Cause Number 32,896-A in *Randall* County, Texas, was not supported by the evidence. Appellant's argument can only be explained as confusion created by a mistake on the prosecutor's part, compounded by a confusing bench conference, further compounded by inadequate briefing, and ultimately resolved by the absence of any error in the first place.

In the final analysis, the *Court's Charge on Punishment* asked the jury to determine if Appellant had previously been convicted of "Conspiracy to Commit Murder in cause number 32,896-A of the 47th District Court of *Potter* County, Texas on the 6th day of August, 1993."[3] The evidence at trial showed that James Richard Ocanas, was convicted of Conspiracy to Commit Murder, in Cause Number 32,896-A, in the 47th District Court in and for Potter County, Texas, on August 6, 1993, and the jury answered that question in the affirmative in its verdict. There being no error as alleged, issue three is overruled.

CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] While there was a conflict between the indictment and the notice of enhancements, no objection to the *Charge of the Court* was made and no issue on that question has been raised.