John Wesley BICKEMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00546–CR.

Court of Appeals of Texas, Dallas.

March 13, 1986.

J. Thomas Sullivan, Director, Charles Glanville, Student Counsel, SMU Appellate Clinic, Dallas, for appellant.

Kathleen A. Walsh, Asst. Dist. Atty., Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

DEVANY, Justice.

John Wesley Bickems appeals his conviction for robbery. Appellant waived his right to a jury and was tried before the court. After finding him guilty, the court assessed punishment at four years. In two grounds of error, appellant alleges that there was insufficient evidence to support his conviction. We disagree, and, therefore, affirm the judgment of the trial court.

The State adduced evidence at trial establishing that the complainant, David C. Martin, 67 years old and retired, was attacked and robbed on January 22, 1985 by a black man. On direct examination, Martin at first testified that he was sure appellant was the individual who robbed him. Later, on direct examination, however, the following exchange transpired between the prosecutor and Martin (the reference to the "picture" and "photograph lineup" relate to an identification of appellant by Martin out of a photographic lineup on the day Martin was robbed):

Q. Do you have any doubts today about this defendant is the man who in fact robbed you?

A. I will tell you I didn't remember Mr. Bickems being quite as dark as he is, other than that, he has the same face.

Q. Is this the man that robbed you Mr. Martin?

A. Seems to me like that he is awfully dark. He is darker than Bickems was.

Q. Okay are you saying the man you picked out in the picture was he the one that robbed you?

A. Yes, sir.

Q. So the one in the photograph line up that you picked out, was that in fact the one that robbed you?

A. Yes, sir I had no doubts about that one.

Q. You had no doubt that the man you picked out was in fact the man that robbed you?

A. Yes, sir I didn't know what his name was at that time.

And then on cross-examination:

Q. Are you saying you are not positive this is the man?

A. I was right on the mug shots but it maybe because of the lighting in here different from the sunlight. I want to say for sure. He has about the same square face other than I didn't think he was quite that dark.

Q. Mr. Martin are you telling us that you can not positively say this is the man that robbed you, the man here in the courtroom at this time?.

A. I can't positively say. I can positively say that the mug shot that they showed me and that mug shot was a little darker than that I thought but—

Q. It was the closest to what you remembered the individual looking like that robbed you?

A. Yes, sir and he had 2 there and they looked very similar except the one that they, that I didn't pick was darker complexion.

Q. Let me ask you this Mr. Martin, would you feel comfortable if the Judge found this man guilty of having robbed you?

A. (No response)

Q. Or are you that positive that he is the man?

A. No, sir I am not that positive.

Martin further testified that his assailant wore a faded gray "thermal jacket" and a navy blue "tobogan," which Martin stripped off the assailant's head during the struggle.

The State called William B. York, Jr., a Dallas police officer, who stated that he had seen appellant in the crime area 30 to 45 minutes before the commission of the crime. He further testified that appellant wore two light-colored jackets and a dark blue stocking cap.

Finally, the State called another Dallas police officer, K.C. Edmonds, to the stand. He confirmed that Martin made a positive photographic identification of his assailant and that the photograph that Martin had identified was one of appellant. He added that in the description Martin had given him of the robber at that time, Martin had described him as wearing a "gray suit coat."

In his first ground of error, appellant contends that the evidence was insufficient to identify him as the offender. The standard of review for determining the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 449–50 (Tex.Crim.App.1983) (on rehearing). We agree with appellant that Martin's uncertain in-court identification of him as the robber would have constituted insufficient evidence, standing alone, to support the court's guilty verdict. *United States v. Hawkins*, 658 F.2d 279, 289 (5th Cir.1981). We conclude, however, that the State's evidence of Martin's positive identification of appellant from a photographic lineup on the date of the offense and the circumstantial evidence placing appellant in the area and wearing similar clothing to those Martin described his assailant as wearing, was sufficient additional evidence to support the conviction.

Martin's testimony that he had identified appellant's mugshot was not hearsay, *Graves v. State*, 40 S.W.2d 100, 103 (Tex.Crim.App.1931) (on rehearing), and contains probative value. *See Navajar v. State*, 496 S.W.2d 61, 63–64 (Tex.Crim. App.1973) (despite "hesitant and tentative" in-court identifications, testimony of prior photographic identifications was sufficient to support the conviction). *See also Seymore v. State*, 693 S.W.2d 17, 19 (Tex.App. —Beaumont 1985, no pet) (complainant's testimony that he had identified his assailant shortly after the robbery at the scene of the crime contains probative value); *Ortega v. State*, 628 S.W.2d 539 (Tex.App. —Amarillo 1982, no pet.) (despite his failure to make an in-court identification, the evidence was held sufficient where the complainant testified that she had positively identified the defendant after she was

attacked). Assuming, without deciding, that the rule that unobjected-to hearsay possesses no probative value is still the law in Texas criminal cases, *see Gardner v. State*, 699 S.W.2d 831, 835 n. 4 (Tex.Crim. App.1985), it appears that the hearsay testimony of Officer Edmonds confirming Martin's positive identification of appellant in the photographic lineup was admissible, not as substantive evidence, but only for the purpose of nullifying or neutralizing the effect of Martin's surprising failure to make a positive in-court identification. *Sledge v. State*, 686 S.W.2d 127, 131 n. 9 (Tex.Crim.App.1984). We, therefore, consider the testimony of Officer Edmonds only as direct evidence of the fact that the man in the photograph, whom Martin identified as the robber, was in fact the appellant, and not as evidence that the identification was accurate. *See Britton v. State*, 611 S.W.2d 421, 427 (Tex.Crim.App.1981).

■ Appellant attacks the probative value, as opposed to the admissibility, of Martin's out-of-court identification of him because, he alleges, it was impermissibly suggestive due to appellant being the only individual in the photographic line-up who wore a suit coat, which Martin had described his assailant as wearing. We hesitate to allow this kind of back-door attack on the testimony where, as here, no objection was voiced at trial to the identification procedure. *See Perry v. State*, 703 S.W.2d 668, 673 (Tex.Crim.App.1986) (not yet reported) (failure to object to suggestive identification procedures waives the right to complain on appeal). We hold, in any event, that the photographic lineup procedure was not so suggestive as to make it devoid of significant probative value. See *Perry*, 703 S.W.2d 668, in which the court, after acknowledging the possible suggestiveness of a photographic lineup that was certainly more suggestive than the one in the instant case, considered this evidence in determining that the evidence was sufficient. Furthermore, Martin's identification of appellant was based on distinctive characteristics of appellant's face rather than his clothing. *Cf. Brown v. State*, 513 S.W.2d 35, 37 (Tex.Crim.App.1974) (lineup

in which only defendant met the exact height estimated by victim of his assailant held not impermissibly suggestive where record showed that identification was based primarily on distinctive characteristics of defendant's face). Martin testified that two of the pictures in the photographic array were very similar:

> And so I said, "Here's one and they both look just a like. They both have mustaches and the contour of the face was near the same except, the Bickems face is more square and more square face than the other."

Q. Now, so you picked out one picture and said this is the man that robbed me?

A. This is him.

Q. Is that correct?

A. Yes.

Q. And do you have any doubt about who you picked out?

A. No.

Indeed, Martin even testified at trial that his assailant wore a "thermal coat" in contrast to Officer Edmond's testimony that Martin had described him shortly after the offense as wearing a "suit coat," emphasizing the lack of importance Martin attached to appellant's apparel in making his determination. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant points to a hearsay statement at trial by Officer York that a regular downtown street person, whose name Officer York knew, had told him that "Big John" had committed the offense. Appellant relies on the rule that a reviewing court must find the evidence insufficient where, in a weak circumstantial evidence case, the State fails to call an available, material witness who the record shows would have cast additional light on the facts. *Waldon v. State*, 579 S.W.2d 499, 502 (Tex.Crim. App.1979). This rule, the continued vitality of which has recently been questioned, *Davis v. State*, 696 S.W.2d 494, 498 (Tex.App. —El Paso 1985, no pet.), does not, however, apply to cases in which the State relies on direct evidence. *Bell v. State*, 434 S.W.2d

684, 686 (Tex.Crim.App.1968). Appellant counters that the seemingly direct evidence that the State introduced as to Martin's in-court and out-of-court identifications of appellant is actually circumstantial because the weakness of that testimony requires the jury to, in effect, jump from Martin's testimony, that appellant *resembled* his assailant, to the conclusion that appellant *was* his assailant. Appellant relies on *Smiley v. State*, 87 Tex.Cr.R. 528, 222 S.W. 1108 (1920). In *Smiley*, the complainant's identification of the defendant was based upon a brief observance of the defendant at night during a struggle. On cross-examination, the identifier stated that there was "a possibility, though not a probability," that he was mistaken in his identification of the defendant. The court there stated:

> The observation of the assaulting parties was but momentary, and necessarily under excitement. Reed [the complainant] afterwards saw in a business house the appellant, who, according to the judgment of Reed, met the description that he held in his mind of one of the assailants. He gave no details, no peculiarities of stature, personal appearance, gait, habit, traits, tone of voice, nor does he describe any article in the possession or pertaining to the clothing of his assailant. His identification is necessarily but the inference which he draws from the similarity of appearance of one of the men who assaulted him and the appellant.

*Id.* 222 S.W. at 1109.

In the instant case, Martin testified that he had seen appellant's face in close combat and indicated that he based his identifications on his observance of appellant's face. Furthermore, the Court of Criminal Appeals has recently stated that a positive in-court identification which the identifying witness then alters to not positive, as occurred in the present case, is direct rather than circumstantial evidence. *Moore v. State*, 700 S.W.2d 193, 196–97 (Tex.Crim. App.1985). In any event, Martin's testimony that he had previously positively identified a picture of appellant was direct evidence. *Britton v. State*, 611 S.W.2d 421, 427 (Tex.Crim.App.1981). The failure to call an available witness rule is, consequently, inapplicable. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.