In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00100-CR
______________________________


JERMAINE MATTHEWS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21435


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N
          Jermaine Matthews was found guilty by a jury of sexual assault of a child.


 The trial
court assessed punishment at twenty years' imprisonment.
          Matthews contends the evidence is legally and factually insufficient to support his
conviction. He contends the State produced no evidence, either direct or circumstantial,
identifying him as the person who committed the sexual assault.
          The victim testified that, on September 27, 1998, while she was in front of her
mother's apartment complex with her boyfriend, Michael Tennison, and her sister, Crystal,
a black male approached and offered to give her a lizard for her little brother. After gaining
her mother's permission, the victim, Crystal, Tennison, and the black male proceeded to
the black male's apartment to obtain the lizard. On arrival, Tennison and the black male
went inside the apartment. Tennison then came out and informed the victim she needed
to go inside the apartment. The victim testified she entered the apartment and observed
two adult females and three or four "little kids" in the apartment. She followed the black
male to the back bedroom where, on entry, he locked the door, turned out the light, and
sexually assaulted her. After the assault, the victim ran out the door and went to her
mother's apartment. There, she told her sister's friend, Ashley Cruncher, what had
happened. The victim's mother was told about the assault, and she called the police. The
victim was fifteen years old at the time. She was not able to positively identify the
perpetrator during the investigation or in open court.
          Officer Randy Gray arrived at the apartment complex to conduct the investigation. 
He testified that the victim, Crystal, and Tennison advised him the perpetrator lived in
Apartment F36, gave his general description, and said he had told them he was seventeen
years old. They also said his name might be Jerome. Gray then had the victim
transported to the hospital for a rape examination.
          Officer Felicia White testified she had an idea the suspect was Jermaine Matthews
because his sister, Melata Matthews, was named as the lessee to Apartment F36. White
testified she had personal knowledge that Melata had a brother named Jermaine and did
not have a brother named Jerome. White contacted Tennison and showed him a
photographic lineup that included Matthews' picture. Tennison positively identified
Matthews from this lineup. White then obtained a search warrant for Matthews' blood, and
he was transported to the hospital, where his blood was drawn.
          Robert Hilbig, a criminalist for the Texas Department of Public Safety (DPS),
testified semen was discovered on the vaginal smear slide taken from the victim's rape
examination. 
          Lorna Beasley, the DNA section supervisor for the DPS crime laboratory in Garland,
testified a DNA comparison test was conducted on the semen taken from the victim during
the rape examination and the known blood specimen taken from Matthews. She testified
Matthews could not be excluded as the contributor of the semen. The probability of
observing this DNA profile is approximately 1 in 30.14 quadrillion for Caucasians, 1 in
11.92 quadrillion for Blacks, and 1 in 88.73 quadrillion for Hispanics. Based on those
probabilities, Beasley concluded Matthews was the source of the semen.
          Matthews contends no one in open court identified him as the Jermaine Matthews
who committed the crime. He contends that, while the State proved the victim had been
sexually assaulted by "Jermaine Matthews," there was no evidence he was the same
"Jermaine Matthews" who committed the assault. He asserts no one identified him in open
court as the person who assaulted the victim, or identified him as the contributor of the
DNA sample. Therefore, he concludes that, since there could be many persons named
Jermaine Matthews, and because the State failed to produce evidence he was the supplier
of the DNA sample, there was no evidence or insufficient evidence he was the person who
committed the assault.
          In our review of the legal sufficiency of the evidence, we employ the standards set
forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the
relevant evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our
review, we evaluate all the evidence in the record, both direct and circumstantial, whether
admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
          In contrast, a factual sufficiency review dictates that the evidence be viewed in a
neutral light, favoring neither party. Johnson, 23 S.W.3d at 7; see Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). In determining the factual sufficiency of the
evidence to establish the elements of the offense, we view all the evidence in a neutral light
and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7; Clewis, 922 S.W.2d at 129. 
          Identification of the defendant as the person who committed the offense charged
is part of the state's burden of proof beyond a reasonable doubt. Miller v. State, 667
S.W.2d 773, 775 (Tex. Crim. App. 1984); see Rickman v. State, 677 S.W.2d 271, 273
(Tex. App.—Fort Worth 1984, pet. ref'd). When a defendant contests the identity element
of the offense, we are mindful that identity may be proven by direct evidence,
circumstantial evidence, or even inferences. Roberson v. State, 16 S.W.3d 156, 167 (Tex.
App.—Austin 2000, pet. ref'd). Although a direct in-court identification is the preferred
procedure, where the circumstances do not indicate the likelihood of confusion, that type
of identification is not required. Hime v. State, 998 S.W.2d 893, 896 (Tex. App.—Houston
[14th Dist.] 1999, pet. ref'd). If there is no in-court identification of the perpetrator's identity
elicited from trial witnesses, no formalized procedure is required for the state to prove the
identity of the accused. Clark v. State, 47 S.W.3d 211, 214–15 (Tex. App.—Beaumont
2001, no pet.). The sufficiency of the evidence is then determined from the cumulative
effect of all the evidence; each fact in isolation need not establish the guilt of the accused. 
See Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). The test for
sufficiency of an in-court identification is whether we can conclude "from a totality of the
circumstances the jury was adequately apprised that the witnesses were referring to
appellant." See Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. [Panel Op.]
1981). Further, the absence of an in-court identification is merely a factor for the jury to
consider in assessing the weight and credibility of the witnesses' testimony. See Meeks
v. State, 897 S.W.2d 950, 955 (Tex. App.—Fort Worth 1995, no pet.).
          From the testimony given and the photographic identification of Matthews published
to the jury, together with the testimony concerning the DNA comparison, there was
sufficient evidence identifying the defendant as the Jermaine Matthews who committed the
sexual assault. Matthews points out that no witness ever pointed to him, described his
attire during trial, or formally identified him as the Jermaine Matthews who committed the
assault or from whom the DNA sample was drawn. 
          White testified that a search warrant for Jermaine Matthews' blood was obtained
and that Jermaine Matthews was transported to the hospital, where his blood was drawn. 
Beasley subsequently testified the individual who supplied the blood sample to the DPS
was the source of the semen discovered during the victim's rape examination. 
          Despite the absence of a positive identification, where the totality of circumstances
show no substantial likelihood of misidentification, the testimony is considered reliable. 
See Cooks v. State, 844 S.W.2d 697, 731 (Tex. Crim. App. 1992); Webb v. State, 760
S.W.2d 263, 269 (Tex. Crim. App. 1988). In Purkey v. State, 656 S.W.2d 519, 520 (Tex.
App.—Beaumont 1983, pet. ref'd), the defendant was never formally identified in open
court, but the witnesses merely referred to him by name. The defendant contended that,
without an in-court identification, such as pointing at him or describing his attire, the
evidence was insufficient to establish his identity as one and the same as that of the
alleged criminal. Id. The Beaumont Court of Appeals found that going beyond referring
to the defendant by name was only one factor, not a requisite, under the totality of the
circumstances, in upholding the validity of an identification. Id. The court found that, under
the facts of the case, the lack of a formal in-court identification beyond the mere reference
to the defendant by name did not render the evidence insufficient to establish the
appellant's identity as the alleged criminal perpetrator. Id. We agree.
          In this case, the defendant was introduced to the jury panel when voir dire began
as "Jermaine Matthews." The indictment names "Jermaine Matthews" as the person
charged, and the jury verdict names "Jermaine Matthews" as the person found guilty. The
defendant was the only person on trial for the alleged offense. White identified the person
from whom blood was drawn for the DNA comparison test as "Jermaine Matthews." There
was no controverting evidence this "Jermaine Matthews" was not one and the same as
the defendant on trial. See Miller v. State, 667 S.W.2d 773, 775 n.1 (Tex. Crim. App.
1984) (finding uncontroverted identification evidence sufficient under totality of
circumstances). We feel that, "under the totality of the circumstances" of this case, there
could have been no doubt in any of the jurors' minds White was referring to Matthews
when she identified the blood sample donor as "Jermaine Matthews." While it is always
better practice to have a witness give an in-court identification of the defendant, beyond
a mere reference to him or her by name, we find that, under the facts of this case,
Matthews was not prejudiced by the absence of such an identification. See Purkey, 656
S.W.2d at 520. 
          In addition, Crystal testified that, on the date of the assault, she, the victim, and
Tennison went to Apartment F36 to pick up a lizard for her brother. Both the victim and
Crystal testified the victim went into the apartment with the "black guy" to get the lizard
while Crystal and Tennison waited outside. Gray testified, without objection, Tennison told
him that, when they went to Apartment F36, he (Tennison) went inside the apartment first
where he talked to "the guy who lived there," the one who supposedly had the lizard. This
person told Tennison he wanted to have sex with the victim. Tennison then went outside
the apartment and told the victim the man wanted to talk to her inside the apartment. 
Tennison had waited outside the apartment for approximately twenty minutes when the
victim came out and told him she had just been raped. White testified Tennison made a
positive identification of Matthews from a photographic lineup. That lineup was admitted
into evidence and published to the jury. The jury was therefore able to compare the
positive photographic identification with the physical appearance of the defendant in the
courtroom. This was additional evidence from which the jury could conclude Matthews was
the perpetrator of the assault. See Conyers v. State, 864 S.W.2d 739, 741 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref'd) (testimony from defendant's employer that
gunman pictured in photograph taken from video camera that recorded robbery was
defendant, and admission of photographs into evidence so jury could compare
photographs with appearance of defendant, held sufficient to support conviction where
complainant was unable to identify assailant because complainant was fixated on shotgun);
Bickems v. State, 708 S.W.2d 541, 543–44 (Tex. App.—Dallas 1986, no pet.) (positive
identification of robber from photographic lineup, and circumstantial evidence placing
appellant in area and wearing clothing similar to clothing worn by assailant, held sufficient
additional evidence to support conviction). 
          Viewing the evidence in the light most favorable to the verdict, we hold the jury could
find the State proved Matthews' identity beyond a reasonable doubt. Further, viewing the
evidence in a neutral light, favoring neither party, we cannot say the jury's verdict is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.           Accordingly, Matthews' contentions are overruled.
 

          We affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      February 3, 2004
Date Decided:         March 3, 2004

Do Not Publish