COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-368-CR
  
  
LUIS 
ZUNIGA                                                                        APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
 I. Introduction
 
        Appellant 
Luis Zuniga appeals his conviction for aggravated robbery with a deadly weapon. 
A jury found Zuniga guilty and assessed his punishment at twenty years’ 
confinement. In two points, Zuniga contends that the evidence is legally 
insufficient to support his conviction because an in-court identification of 
Zuniga as the perpetrator did not occur and no witness testified that the object 
used during the robbery was capable of causing serious bodily injury or death. 
We will affirm.
II. Background 
Facts
        In 
the early morning hours of December 2, 2002, Marc Blanton heard the sound of 
breaking glass and looked outside the window of his home to investigate. When he 
saw a man inside his pickup truck, he ran outside and attempted to stop him. 
But, the man ran away from the pickup truck. Blanton chased the man down the 
street and yelled at him to stop. When the man turned around, Blanton was able 
to see his face. The man went toward a waiting vehicle that was parked down the 
street from Blanton’s home and jumped into the passenger side. The man was 
trying to close the door; however, Blanton was able to open the passenger door 
before the vehicle could drive away. The man kicked at Blanton, lunged at him 
with a knife, and threatened to kill him. Blanton then backed away from the 
vehicle because he felt threatened and scared. At that point, the vehicle drove 
away. Blanton provided a description of the vehicle to the police, including the 
make, model, and color. He also recalled the license plate number and provided 
it to police.
        Four 
days later, the police apprehended three men riding in the getaway vehicle. A 
Fort Worth police officer, who responded to a call for backup and arrived on the 
scene, recalled the description of the vehicle from a police broadcast several 
days earlier. After calling the station to confirm the vehicle’s license plate 
number, the officer learned that it was the same vehicle involved in the offense 
at Blanton’s home. The police photographed each occupant of the vehicle before 
releasing the occupants at the scene. Later, Blanton viewed a photo spread which 
contained a photo of Zuniga, a passenger in the vehicle. Blanton picked Zuniga 
out of the photo spread as the man he encountered on December 2, 2002.
        Zuniga 
entered a plea of not guilty to the charge of aggravated robbery with a deadly 
weapon. Zuniga stipulated to two prior felony convictions; both were for the 
crime of engaging in organized criminal activity—assault causing bodily 
injury. The jury found Zuniga guilty and assessed his punishment at twenty 
years’ imprisonment.
III. Standard 
of evidence
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal 
sufficiency review, we may not re-evaluate the weight and credibility of the 
evidence and substitute our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). We must resolve any inconsistencies in the evidence in favor 
of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
IV. In-Court 
Identification and Deadly Weapon
        In 
his first point, Zuniga contends that the evidence is legally insufficient to 
support his conviction for aggravated robbery because no witness identified him 
in court as the perpetrator. A victim’s previous identification of a thief is 
sufficient to show that a defendant is the person who committed a theft, even 
absent an in-court identification. Oliver v. State, 613 S.W.2d 270, 274 
(Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g) (holding evidence as to the 
identity of a thief may be proven by direct or circumstantial evidence); see 
also Couchman v. State, 3 S.W.3d 155, 162 (Tex. App.—Fort Worth 
1999, pet. ref’d) (citing Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. 
App. 1986)).
        In 
this case, even though Blanton did not identify Zuniga in court, Blanton 
identified Zuniga through a photo spread prior to trial. Moreover, Zuniga was 
included in the photo lineup because he was apprehended in the getaway car 
described by Blanton. Viewing the evidence in the light most favorable to the 
verdict, we hold that based on Blanton’s prior identification of Zuniga from 
the photographic lineup shortly after the robbery and circumstantial evidence 
placing Zuniga in the getaway vehicle described by Blanton, any rational trier 
of fact could have found beyond a reasonable doubt that Zuniga was the person 
Blanton saw inside his pickup truck. See Oliver, 613 S.W.2d at 
274; Bickems v. State, 708 S.W.2d 541, 543 (Tex. App.—Dallas 1986, no 
pet.) (holding evidence of victim’s positive identification of defendant from 
photographic lineup and circumstantial evidence placing defendant in area and 
wearing clothes similar to those described was sufficient evidence despite 
uncertain in-court identification); Seymoure v. State, 693 S.W.2d 17, 19 
(Tex. App.—Beaumont 1985, no pet.) (holding when victim identifies assailant 
very shortly after time of robbery or assault at scene of crime, such 
identification is not vitiated by lack of in-court identification). Accordingly, 
we overrule Zuniga’s first point.
        In 
his second point, Zuniga argues that the evidence is legally insufficient to 
support his conviction for aggravated robbery because no witness testified in 
court that the object Zuniga used during the robbery was capable of causing 
serious bodily injury or death. The penal code provides that an object can be 
defined as a “deadly weapon” if it falls into either of the categories 
below:
  
(A) a firearm or anything manifestly designed, made, or adapted for the purpose 
of inflicting death or serious bodily injury; or
 
(B) 
anything that in the manner of its use or intended use is capable of causing 
death or serious bodily injury.
  
Tex. Pen. Code Ann. § 1.07(a)(17) 
(Vernon Supp. 2004–05). The use of the word “capable” in the provision 
“enables the statute to cover conduct that threatens deadly force, even if the 
actor has no intention of actually using deadly force.” McCain v. State, 
22 S.W.3d 497, 503 (Tex. Crim App. 2000) (holding butcher knife partially 
exposed in defendant’s back pocket legally sufficient to support finding of 
use of deadly weapon during robbery).
        Because 
the indictment here states that the object used by Zuniga “in the manner of 
its use or intended use was capable of causing death or serious bodily 
injury,” the State obviously relied on subsection (B) of section 1.07(a)(17), 
rather than subsection (A). Accordingly, we will determine whether the evidence 
is legally sufficient to support a finding that the object here is a “deadly 
weapon” under subsection (B) of section 1.07(a)(17).
        Here, 
Blanton testified that when he tried to prevent Zuniga from escaping in the 
getaway vehicle, Zuniga kicked at him and lunged at him with a knife that 
appeared to have a five- to six-inch double-edged blade. Blanton stated that 
Zuniga told him to “get away from me mother fucker or I’m going to kill 
you.” Blanton also testified that he was scared that Zuniga would kill him or 
cause serious bodily injury. This is some evidence that Zuniga used the knife in 
such a way as to make it capable of causing serious bodily injury or death, even 
if it did not actually cause serious bodily injury or death. See McCain, 
22 S.W.3d at 503; Bailey v. State, 46 S.W.3d 487, 491–92 (Tex. 
App.—Corpus Christi 2001, pet. ref’d) (holding wooden instrument to be a 
deadly weapon despite lack of actual harm to victim because way in which 
instrument was used was capable of causing serious bodily injury or death).
        Therefore, 
viewing the evidence in the light most favorable to the verdict, we hold that 
the evidence is legally sufficient to show that the knife used and displayed by 
Zuniga was capable of causing serious bodily injury or death, and a rational 
trier of fact could have found beyond a reasonable doubt that Zuniga used or 
exhibited a deadly weapon.
VI. Conclusion
        Having 
overruled Zuniga’s two points, we affirm the trial court’s judgment.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.