Luis Zuniga v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-368-CR

LUIS ZUNIGA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  
Introduction

Appellant Luis Zuniga appeals his conviction for aggravated robbery with a deadly weapon.  A jury found Zuniga guilty and assessed his punishment at  twenty years’ confinement.  In two points, Zuniga contends that the evidence is legally insufficient to support his conviction because an in-court identification of Zuniga as the perpetrator did not occur and no witness testified that the object used during the robbery was capable of causing serious bodily injury or death.  We will affirm.

II.  
Background Facts

In the early morning hours of December 2, 2002, Marc Blanton heard the sound of breaking glass and looked outside the window of his home to investigate.  When he saw a man inside his pickup truck, he ran outside and attempted to stop him.  But,
 
the man ran away from the pickup truck.  Blanton chased the man down the street and yelled at him to stop.  When the man turned around, Blanton was able to see his face.  The man went toward a waiting vehicle that was parked down the street from Blanton’s home and jumped into the passenger side.  The man was trying to close the door; however, Blanton was able to open the passenger door before the vehicle could drive away.  The man kicked at Blanton, lunged at him with a knife, and threatened to kill him.  Blanton then backed away from the vehicle because he felt threatened and scared.  At that point, the vehicle drove away.  
Blanton provided a description of the vehicle to the police, including the make, model, and color.  He also recalled the license plate number and provided it to police. 

Four days later, the police apprehended three men riding in the getaway vehicle.  A Fort Worth police officer, who responded to a call for backup and arrived on the scene, recalled the description of the vehicle from a police broadcast several days earlier.  After calling the station to confirm the vehicle’s license plate number, the officer learned that it was the same vehicle involved in the offense at Blanton’s home.  The police photographed each occupant of the vehicle before releasing the occupants at the scene.  Later, Blanton viewed a photo spread which contained a photo of Zuniga, a passenger in the vehicle.  Blanton picked Zuniga out of the photo spread as the man he encountered on December 2, 2002. 

Zuniga entered a plea of not guilty to the charge of aggravated robbery with a deadly weapon.  Zuniga stipulated to two prior felony convictions; both were for the crime of engaging in organized criminal activity—assault causing bodily injury.  The jury found Zuniga guilty and assessed his punishment at twenty years’ imprisonment. 

III.  
Standard of evidence 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

IV.  
In-Court Identification and Deadly Weapon 

In his first point, Zuniga contends that the evidence is legally insufficient to support his conviction for aggravated robbery because no witness identified him in court as the perpetrator.  A victim’s previous identification of a thief is sufficient to show that a defendant is the person who committed a theft, even absent an in-court identification.  
Oliver v. State
, 613 S.W.2d 270, 274 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g) 
(holding evidence as to the identity of a thief may be proven by direct or circumstantial evidence)
; 
see also
 
Couchman v. State
, 3 S.W.3d 155, 162 (Tex. App.—Fort Worth 1999, pet. ref’d) (citing 
Earls v. State
, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986)).

In this case, even though Blanton did not identify Zuniga in court, Blanton identified Zuniga through a photo spread prior to trial.  Moreover, Zuniga was included in the photo lineup because he was apprehended in the getaway car described by Blanton.  Viewing the evidence in the light most favorable to the verdict, we hold that based on Blanton’s prior identification of Zuniga from the photographic lineup shortly after the robbery and circumstantial evidence placing Zuniga in the getaway vehicle described by Blanton, any rational trier of fact could have found beyond a reasonable doubt that Zuniga was the person Blanton saw inside his pickup truck. 
See
 
Oliver, 
 613 S.W.2d at 274;
 Bickems v. State
, 708 S.W.2d 541, 543 (Tex. App.—Dallas 1986, no pet.) (holding evidence of victim’s positive identification of defendant from photographic lineup and circumstantial evidence placing defendant in area and wearing clothes similar to those described was sufficient evidence despite uncertain in-court identification); 
Seymoure v. State
, 693 S.W.2d 17, 19 (Tex. App.—Beaumont 1985, no pet.) (holding when victim identifies assailant very shortly after time of robbery or assault at scene of crime, such identification is not vitiated by lack of in-court identification). Accordingly, we overrule Zuniga’s first point.

In his second point, Zuniga argues that the evidence is legally insufficient to support his conviction for aggravated robbery because no witness testified in court that the object Zuniga used during the robbery was capable of causing serious bodily injury or death.  The penal code provides that an object can be defined as a “deadly weapon” if it falls into either of the categories below:

(A) a firearm or anything manifestly designed, made, or adapted for the  purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

T
ex. Pen. Code Ann. 
§ 1.07(a)(17) (Vernon Supp. 2004–05).  The use of the word “capable” in the provision “enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force.” 
 McCain v. State
, 22 S.W.3d 497, 503 (Tex. Crim App. 2000) (holding butcher knife partially exposed in defendant’s back pocket legally sufficient to support finding of use of deadly weapon during robbery).

Because the indictment here states that the object used by Zuniga “in the manner of its use or intended use was capable of causing death or serious bodily injury,” the State obviously relied on subsection (B) of section 1.07(a)(17), rather than subsection (A).  Accordingly, we will determine whether the evidence is legally sufficient to support a finding that the object here is a “deadly weapon” under subsection (B) of section 1.07(a)(17). 

Here, Blanton testified that when he tried to prevent Zuniga from escaping in the getaway vehicle, Zuniga kicked at him and lunged at him with a knife that appeared to have a five- to six-inch double-edged blade.  Blanton stated that Zuniga told him to “get away from me mother fucker or I’m going to kill you.”  Blanton also testified that he was scared that Zuniga would kill him or cause serious bodily injury.  This is some evidence that Zuniga used the knife in such a way as to make it capable of causing serious bodily injury or death, even if it did not actually cause serious bodily injury or death.  
See
 
McCain
, 22 S.W.3d at 503; 
Bailey v. State
, 46 S.W.3d 487, 491–92 (Tex. App.—Corpus Christi 2001, pet. ref’d) (holding wooden instrument to be a deadly weapon despite lack of actual harm to victim because way in which instrument was used was capable of causing serious bodily injury or death).

Therefore, viewing the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to show that the knife used and displayed by Zuniga was capable of causing serious bodily injury or death, and a rational trier of fact could have found beyond a reasonable doubt that Zuniga used or exhibited a deadly weapon.

VI.  
Conclusion

Having overruled Zuniga’s two points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.